F. BELDEN v. THE STATE.

CONDEMNATION OF LAND FOR TAXES.—Under "An act providing for the condemnation and sale of land for delinquent taxes," (Paschal's Dig., art. 7775,) the sheriff, on receiving from the comptroller the delinquent list for his county, and finding no personal property belonging to a delinquent tax payer, is required to certify such fact to the district clerk when filing the list with him; and the failure of the sheriff so to certify that he finds no personal property will be fatal to subsequent proceedings under said statute.

APPEAL from Marion. Tried below before the Hon. J. H. Rogers.

*Crawford & Crawford* and *D. B. Culberson*, for appellant, cited Cooley Cons. Lim., 75, 391; Clark *v.* Crane, 5 Mich., 151; Blackwell on Tax Titles, 29; 20 Cal., 534; 11 Mass., 396; 13 Wis., 328; Wally's Heirs *v.* Kennedy, 2 Yerger, 554; Clegg *v.* The State, 42 Tex., 605.

*G. T. Todd,* also for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—This is a proceeding instituted by the State under the provisions of the statute of June 2, 1873, (Paschal's Dig., 7775,) entitled "An act providing for the condemnation and sale of land for delinquent taxes," for the purpose of collecting the taxes for which appellant is alleged to be liable on the lot described in the judgment.

It is insisted by appellant that this statute is in conflict with section 22 of article XII of the Constitution of 1869, and can therefore afford no support to the proceedings had in this case, or warrant for the judgment upon them. If the constitutional provision upon which the determination of this question depends were still in force, and no other mode than that provided in this act had been made by the Legislature for the collection from delinquents of taxes assessed upon land, its present determination might be of great practical importance, and would probably be found not entirely free from difficulty. But in view of the constitutional and statutory changes which have been made since this proceeding was instituted, we think it unnecessary to add anything to what has previously been said (Clegg *v.* The State, 42 Tex., 605) in regard to the restrictions in the Constitution of 1869 upon the Legislature in collecting taxes upon landed property.

If it is conceded that this statute is in all respects in strict accord with the provisions of the Constitution in force when it was enacted, it plainly appears that one, at least, of its fundamental requirements to the condemnation and decree of the sale of land for the taxes charged upon it, has not been complied with. The statute requires the sheriff, when the delinquent list is transmitted to him by the comptroller, to seize and sell any personal property belonging to the delinquent that may be in his county subject to the payment of such tax, the interest due on the same, and all costs and fees, &c. And before filing the list with the district clerk, that it may be proceeded upon for the condemnation and sale of land, the sheriff must certify that he knew of no personal property in his county out of which he can make the taxes due. This requirement of the statute was altogether omitted; and as it is preliminary to the proceeding, the general exception of appellant should have been sustained. As its omission could not be supplied nor the defect cured, the proceeding should have been dismissed.

The judgment is reversed and the proceedings dismissed.

DISMISSED.